UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2013 APR 26 PM 12:45
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

CV 13-2531

JOSEPH KENNEDY,

Plaintiff,

- against -

THE CITY OF NEW YORK, DET. WILLIAM A. BUSH, Shield No. 1887, individually and in his official capacity; POLICE OFFICER MICHAEL LEMA, Shield No. 7728, individually and in his official capacity, and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),

Defendants.

Civil Action No:

**VERIFIED COMPLAINT**

Jury Trial Demanded

ECF CASE

VITALIANO, J.

REYES, M.J

Plaintiff, JOSEPH KENNEDY, by his attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JOSEPH KENNEDY, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants, DET. WILLIAM A. BUSH, POLICE OFFICER MICHAEL LIMA, and POLICE OFFICERS "JOHN DOE" 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about July 28, 2012, at approximately 6:00 a.m., plaintiff JOSEPH KENNEDY, was walking lawfully in the vicinity of his home at 111 Bridge Street in Kings County in the City

and State of New York.

14. At that time and place, plaintiff was attacked by an unknown assailant and shot in the leg.

15. Thereafter, an ambulance was called and plaintiff was transported to Bellevue Hospital Center.

16. Plaintiff was treated for his injuries and released by the hospital.

17. Upon his release, at approximately 9:25 a.m., plaintiff was placed under arrest by the defendant officers who handcuffed his arms tightly behind his back.

18. At no time on July 28, 2012 did plaintiff commit any crime or violation of law.

19. At no time on July 28, 2012 did defendants possess probable cause to arrest plaintiff.

20. At no time on July 28, 2012 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. In connection with his arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

22. As a result of the defendants' conduct, the plaintiff was charged with Criminal Possession of a Weapon in the Second Degree, Reckless Endangerment in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Seventh Degree.

23. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

24. Specifically, defendants falsely, knowingly, and maliciously alleged that they viewed a video of plaintiff shooting himself and that, approximately three (3) hours later, they discovered a controlled substance in plaintiff's pants.

25. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately nine (9) days in custody.

26. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent

approximately five (5) months making numerous court appearances.

27. At no time on July 28, 2012 did plaintiff, JOSEPH KENNEDY, possess a weapon or any amount of controlled substance.

28. Despite defendants actions, all charges against plaintiff, JOSEPH KENNEDY, were dismissed on December 5, 2012.

29. As a result of the foregoing, plaintiff JOSEPH KENNEDY sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates, and realleges each and ever allegation contained in paragraphs numbered 1 through 29 with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff, JOSEPH KENNEDY, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 35 with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 38 with the same force and effect as if fully set forth herein.

40. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, JOSEPH KENNEDY.

44. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, JOSEPH KENNEDY.

45. Defendants acted with malice in initiating criminal proceedings against plaintiff, JOSEPH KENNEDY.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, JOSEPH KENNEDY.

47. Defendants lacked probable cause to continue criminal proceedings against plaintiff,

JOSEPH KENNEDY.

48. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings, including but not limited to, at the grand jury.

49. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff possessed a weapon and a controlled substance on July 28, 2012.

50. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about December 5, 2012 when the charges against him were dismissed.

51. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF FOR DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 51 as if the same were more fully set forth at length herein.

53. Defendants created false evidence against plaintiff JOSEPH KENNEDY.

54. Specifically defendants falsely alleged that plaintiff possessed a weapon and a controlled substance on July 28, 2012.

55. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

56. Defendants misled the prosecutors by creating false evidence against plaintiff, JOSEPH KENNEDY, and thereafter providing false testimony throughout the criminal proceedings.

57. In creating false evidence against plaintiff, JOSEPH KENNEDY, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth amendments of the United States Constitution.

58. As a result of the foregoing, plaintiff's liberty was restricted for an extended period

of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 as if the same were more fully set forth at length herein.

60. Defendants arrested and incarcerated plaintiff, JOSEPH KENNEDY, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

63. The aforesaid customs, policies, usages, practices, procedures and rules of the city of New York and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, JOSEPH KENNEDY.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City

of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

68. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was incarcerated unlawfully.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

71. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the rights:

    i. not to be deprived of liberty without due process of law;

    ii. to be free from seizures and arrest not based upon probable cause;

    iii. to be free from unwarranted and malicious criminal prosecution;

    iv. to receive equal protection under the law.

## PENDANT STATE CLAIMS

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 72 with the same force and effect as if fully set forth herein.

74. On or about January 30, 2013, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

75. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76. Upon information and belief, defendant THE CITY OF NEW YORK have not demanded a hearing pursuant to General Municipal Law § 50-h.

77. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78. Plaintiff has complied with all conditions precedent to maintaining the instant action.

79. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 79 with the same force and effect as if fully set forth herein.

81. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

82. Defendants did not make a complete and full statement of facts to the District Attorney.

83. Defendants withheld exculpatory evidence from the District Attorney.

84. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, JOSEPH KENNEDY.

85. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, JOSEPH KENNEDY.

86. Defendants acted with malice in initiating criminal proceedings against plaintiff,

JOSEPH KENNEDY.

87. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, JOSEPH KENNEDY.

88. Defendants lacked probable cause to continue criminal proceedings against plaintiff, JOSEPH KENNEDY.

89. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings, including but not limited to, at the grand jury.

90. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff possessed a weapon and a controlled substance on July 28, 2012.

91. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about December 5, 2012 when the charges against him were dismissed.

92. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 92 with the same force and effect as if fully set forth herein.

94. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

95. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

96. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

97. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

98. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress,

physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 98 with the same force and effect as if fully set forth herein.

100. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

101. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

102. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
April 19, 2013

OKUN, ODDO & BABAT, P.C.

By: _____
Eric M. Babat, Esq. (EMB-5573)
Attorneys for Plaintiff
8 West 38th Street, 10th Fl.
New York, New York 10018
(212) 642-0950
File: 9594